**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 22-7449-JFW(Ex)** | Date:  October 20, 2022 |
| Title: | Clear Blue Insurance Co. *-v-* B and G Realty, LLC, et al. | |

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**  ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

On October 12, 2022, Plaintiff Clear Blue Insurance Co. ("Plaintiff") filed a Complaint in this Court against Defendants B&G Realty, LLC, Balsas, LLC, Manuel E. Sanchez, Conception Sanchez, Coatzingo, LLC, Reyna Franco, Roberto Vasquez, Gabriela Vasquez, Billy Vasquez, Gabriel Guerrero, Carlos Vasquez, Denisse Guerrero, Patzy Juliana Arias Ruiz, Jose Miguel Parra, Deandraa Parra, Daarlyn Parra, Patzy Parra, Jose Miguel Parra Jr., Michael Parra, Jose Sanchez, Darlyn Mejia Chavez, David Ayala, Anthony Rivera Chavez, Suri Mejia Chavez, and Esdras Mejia Chavez (collectively, "Defendants"), alleging that the Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332(a).  However, Plaintiff has not adequately alleged the facts essential for the subject matter jurisdiction of this Court.  *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001) (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)) ("'A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction . . .'").

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332(a).  A limited liability company is a citizen of every state of which its members are citizens.  *See*, *e.g., Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); *see also Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 569 (2004) ("[A] partnership . . . is a citizen of each State or foreign country of which any of its partners is a citizen"); *Tele Munchen Fernseh GMBH& Co. Produktionsgesellschaft v. Alliance Atlantis Intern. Distr., LLC*, 2013 WL 6055328 (C.D. Cal. Nov. 15, 2013) (holding that "[a]s a limited liability company, Tele Munchen's principal place of business is irrelevant for purposes of diversity jurisdiction" where Tele Munchen's complaint and the defendants' notice of removal both alleged that Tele Munchen was a

limited liability company formed under the laws of the Republic of Germany, with its principal place of business in Munich, Germany).  In this case, Plaintiff alleges that Defendants B&G Realty, LLC, Balsas, LLC, and Coatzingo, LLC are limited liability companies, but fails to allege who the members of each limited liability company are or the citizenship of those members.  *See* Complaint, ¶¶ 4-5 and 8. Therefore, Plaintiff's allegations are insufficient to establish citizenship of Defendants B&G Realty, LLC, Balsas, LLC, and Coatzingo, LLC.

In addition, Plaintiff has failed to allege the citizenship of Defendants Manuel E. Sanchez, Conception Sanchez, Reyna Franco, Roberto Vasquez, Gabriela Vasquez, Billy Vasquez, Gabriel Guerrero, Carlos Vasquez, Denisse Guerrero, Patzy Juliana Arias Ruiz, Jose Miguel Parra, Deandraa Parra, Daarlyn Parra, Patzy Parra, Jose Miguel Parra Jr., Michael Parra, Jose Sanchez, Darlyn Mejia Chavez, David Ayala, Anthony Rivera Chavez, Suri Mejia Chavez, and Esdras Mejia Chavez.  Instead, Plaintiff alleges only that these Defendants are "individuals residing in Los Angeles, California."  Complaint, ¶¶ 3 and 6-7.  With respect to a natural person, "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency."  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  To be a citizen of a state, a natural person must be a citizen of the United States and be domiciled in a particular state.  *Id.*  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  *Id*.  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  *Id.*  Therefore, Plaintiff's  allegations are insufficient to establish citizenship for these Defendants.

Moreover, all of Plaintiff's jurisdictional allegations regarding Defendants are alleged on "information and belief."  Complaint, ¶¶ 3-8.  Jurisdictional allegations based on information and belief are insufficient to confer jurisdiction.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."); *America's Best Inns, Inc.*, 980 F.2d at 1074 (holding that allegations based on "to the best of my knowledge and belief" are insufficient); *see, also, Bradford v. Mitchell Bros. Truck Lines*, 217 F.Supp. 525, 527 (N.D. Cal. 1963).  Therefore, Plaintiff has failed to demonstrate that complete diversity exists.

Accordingly, Plaintiff is hereby ordered to show cause, in writing, no later than **October 26, 2022**, why this action should not be dismissed for lack of subject matter jurisdiction.  No oral argument on this matter will be heard unless otherwise ordered by the Court.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  The Order will stand submitted upon the filing of the response to the Order to Show Cause.   If Plaintiff files an amended complaint which corrects the jurisdictional defects noted above on or before **October 26, 2022**, the Court will consider that a satisfactory response to the Order to Show Cause.  Failure to respond to the Order to Show Cause will result in the dismissal of this action for lack of subject matter jurisdiction.

IT IS SO ORDERED.